1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   JOHN J. LULEJIAN (Cal. State Bar No.: 186783)
4  Assistant United States Attorney
   Violent and Organized Crime Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-8603
7       Facsimile: (213) 894-3713
        E-mail: John.Lulejian@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10

11                  UNITED STATES DISTRICT COURT

12               FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,      ) CR No. 10-1049(A)-VBF
                                   )
14                 Plaintiff,      ) PLEA AGREEMENT FOR DEFENDANT
                                   ) KENNETH BERNARD RILEY
15            v.                   )
                                   )
16  KENNETH BERNARD RILEY,         )
                                   )
17                 Defendant.      )
                                   )
18  _____ )
                                   )
19

20       1.  This constitutes the plea agreement between KENNETH

21  BERNARD RILEY ("defendant") and the United States Attorney's

22  Office for the Central District of California ("the USAO") in the

23  above-captioned case.  This agreement is limited to the USAO and

24  cannot bind any other federal, state, local, or foreign

25  prosecuting, enforcement, administrative, or regulatory

26  authorities.

27

28

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a) Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count superseding information in the form attached to this agreement as Exhibit A or a substantially similar form.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing

2

1  contained in this agreement.

2          c) At the time of sentencing, move to dismiss the

3  underlying indictment, and the following, as to this defendant

4  only:

5                  (1)   Indictment in United States v. Kenneth

6  Bernard Riley, CR No. 07-1075-VBF; and

7                  (2)   Indictment in United States v. Kenneth

8  Bernard Riley, et al., CR No. 07-1141-VBF.

9  Defendant agrees, however, that at the time of sentencing the

10  Court may consider the dismissed indictments in determining the

11  applicable Sentencing Guidelines range, the propriety and extent

12  of any departure from that range, and the sentence to be imposed

13  after consideration of the Sentencing Guidelines and all other

14  relevant factors under 18 U.S.C. § 3553(a).

15          d) At the time of sentencing, move to dismiss the

16  information filed against defendant on January 21, 2010, pursuant

17  to Title 21, United States Code, Section 851.   Defendant agrees,

18  however, that at the time of sentencing the Court may consider

19  the dismissed information in determining the applicable

20  Sentencing Guidelines range, the propriety and extent of any

21  departure from that range, and the sentence to be imposed after

22  consideration of the Sentencing Guidelines and all other relevant

23  factors under 18 U.S.C. § 3553(a).

24          e) At the time of sentencing, provided that defendant

25  demonstrates an acceptance of responsibility for the offense up

26  to and including the time of sentencing, recommend a two-level

27  reduction in the applicable Sentencing Guidelines offense level,

28  pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,

3

1  move for an additional one-level reduction if available under
2  that section.

3              NATURE OF THE OFFENSE

4     4.   Defendant understands that for defendant to be guilty of
5  the crime charged in the single-count superseding information
6  (violation of Title 21, United States Code, Sections 841(a)(1),
7  (b)(1)(B)), the following must be true:

8        First, defendant knowingly delivered cocaine base; and
9        Second, defendant knew that it was the cocaine base or some
10 other prohibited drug.
11 Defendant admits that defendant is, in fact, guilty of this
12 offense as described in the single-count superseding information.

13     5.   Defendant understands that for defendant to be subject
14 to the statutory maximum and statutory minimum sentence set forth
15 below, the government must prove beyond a reasonable doubt that
16 defendant distributed at least 28 grams of a mixture or substance
17 containing a detectable amount of cocaine base.  Defendant admits
18 that defendant, in fact, distributed at least 28 grams of a
19 mixture or substance containing a detectable amount of cocaine
20 base, as described in the single-count superseding information.

21              PENALTIES

22     6.   Defendant understands that the statutory maximum
23 sentence that the Court can impose for a violation of Title 21,
24 United States Code, Section 841(a), (b)(1)(B) is: 40 years'
25 imprisonment; a life-time period of supervised release; a fine of
26 $100 or twice the gross gain or gross loss resulting from the
27 offense, whichever is greatest; and a mandatory special
28 assessment of $100.

7.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a), (b)(1)(B) is: 5-years' imprisonment, followed by a 4-year period of supervised release, and a mandatory special assessment of $100.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw

5

1   defendant's guilty plea.

2       10.   Defendant understands that, if defendant is not a

3   United States citizen, the felony conviction in this case may

4   subject defendant to removal, also known as deportation, which

5   may, under some circumstances, be mandatory.  The Court cannot,

6   and defendant's attorney also may not be able to, advise

7   defendant fully regarding the immigration consequences of the

8   felony conviction in this case.  Defendant understands that

9   unexpected immigration consequences will not serve as grounds to

10  withdraw defendant's guilty plea.

11      11.   Defendant understands that under 21 U.S.C. § 862a,

12  defendant will not be eligible for assistance under state

13  programs funded under the Social Security Act or Federal Food

14  Stamp Act or for federal food stamp program benefits, and that

15  any such benefits or assistance received by defendant's family

16  members will be reduced to reflect defendant's ineligibility.

17                         FACTUAL BASIS

18      12.   Defendant and the USAO agree to the statement of facts

19  provided below.  Defendant and the USAO agree that this statement

20  of facts is sufficient to support a plea of guilty to the charge

21  described in this agreement and to establish the Sentencing

22  Guidelines factors set forth in paragraph 15 below but is not

23  meant to be a complete recitation of all facts relevant to the

24  underlying criminal conduct or all facts known to either party

25  that relate to that conduct.

26          On September 17, 2005, defendant met with a
            confidential government source ("CS") and agreed to
27          sell the CS nine ounces of cocaine base, in the form of
            crack cocaine ("crack cocaine"), for $5,625.  Defendant
28          explained to the CS that the cocaine (powder) would

cost $4,500 and the price of converting the cocaine
powder into crack cocaine was $125 per ounce, or $1,125
total.   Defendant accepted an initial payment of $4,500
from the CS, which defendant used to obtain
approximately nine ounces of cocaine powder from his
co-defendant.   Defendant then converted the cocaine
powder into approximately nine ounces of crack cocaine.
Defendant then met the CS, and in exchange for the
remaining $1,125, provided the CS with approximately
248.5 grams of crack cocaine, which was hidden in a
Godiva chocolates box.

13.   Defendant also acknowledges that the Court may consider
the following facts for purposes of relevant conduct and
determining the appropriate Sentencing Guidelines range, as set
forth below in paragraph 15:

a.   On or about June 20, 2005, within the Central
District of California, defendant distributed approximately 143.7
grams of a mixture and substance containing a detectable amount
of crack cocaine; and

b.   Beginning on or about February 8, 2006, and
continuing until or about February 9, 2006, within the Central
District of California, and elsewhere, defendant, his co-
defendant, and others conspired to possess with intent to
distribute and to distribute approximately eight ounces (226.8
grams) of cocaine powder.

<u>SENTENCING FACTORS</u>

14.   Defendant understands that in determining defendant's
sentence the Court is required to consider the factors set forth
in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence
and sentencing range established under the Sentencing Guidelines.
Defendant understands that the Sentencing Guidelines are advisory
only, that defendant cannot have any expectation of receiving a
sentence within the Sentencing Guidelines range, and that after

considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

15.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level  :    32   [U.S.S.G. § 2D1.1(c)(4)][1] Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

16.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

---

[1]     Defendant and the USAO agree and stipulate that the total amount of drugs used to determine the appropriate offense level are as follows: 392.2 grams of cocaine base, in the form of crack cocaine; and 226.8 grams of cocaine.  Using the Drug Equivalency Tables set forth in U.S.S.G. § 2D1.1, Application Note 10(D), the combined drugs listed above are equivalent to 1,445.9 kilograms of marijuana.  Pursuant to the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c), the base offense level for this amount of marijuana is 32.

## WAIVER OF CONSTITUTIONAL RIGHTS

18.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to represent defendant at trial.  Defendant understands, however, that, despite defendant's guilty plea, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

19. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

20.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

22.   This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

RESULT OF WITHDRAWAL OF GUILTY PLEA

23.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, imposed by the Court to which the parties stipulated in this agreement is vacated or set aside,] both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

25.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then:

        a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

12

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

28.  Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees

to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

14

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        32.   The parties agree that this agreement will be

3    considered part of the record of defendant's guilty plea hearing

4    as if the entire agreement had been read into the record of the

5    proceeding.

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA

8    ANDRÉ BIROTTE JR.
9    United States Attorney

10

11   _____          _____
     JOHN J. LULEJIAN                          Date   8/4/11
12   Assistant United States Attorney

13

14   _____          _____
     KENNETH BERNARD RILEY                     Date   8-4-11
15   Defendant

16

17   _____          _____
     BRIAN A. NEWMAN                           Date   8/4/11
18   Attorney for Defendant
     KENNETH BERNARD RILEY

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.


KENNETH BERNARD RILEY
Defendant

8-4-11
Date

16

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Kenneth Bernard Riley's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____                _____
BRIAN A. NEWMAN                                 Date
Attorney for Defendant
KENNETH BERNARD RILEY

8/4/11

17

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      )   CR No. 07-1049(A)-VBF
                               )
              Plaintiff,       )   F I R S T
                               )   S U P E R S E D I N G
         v.                    )   I N F O R M A T I O N
                               )
KENNETH BERNARD RILEY,         )   [21 U.S.C. §§ 841(a)(1),
   aka "Kenny Boy"             )   (b)(1)(B)(iii): Distribution
                               )   of Cocaine Base in the Form of
              Defendant.       )   Crack Cocaine]
                               )
_____)

     The United States Attorney charges:

          [21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

     On or about September 17, 2005, in Los Angeles County,

within the Central District of California, defendant KENNETH

BERNARD RILEY, also known as "Kenny Boy," knowingly and

intentionally distributed at least 28 grams, that is,

approximately 248.5 grams, of a mixture and substance containing

\\

\\

\\

\\

JJL:vocs

a detectable amount of cocaine base in the form of crack cocaine,

a schedule II narcotic drug controlled substance.



ANDRÉ BIROTTE JR.
United States Attorney


ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


ELIZABETH R. YANG
Assistant United States Attorney
Chief,
Violent and Organized Crime Section


JOEY L. BLANCH
Assistant United States Attorney
Deputy Chief,
Violent and Organized Crime Section


JOHN J. LULEJIAN
Assistant United States Attorney
Violent and Organized Crime Section