1                 UNITED STATES DISTRICT COURT

2                 CENTRAL DISTRICT OF CALIFORNIA

3                        WESTERN DIVISION

4                            ---

5        HONORABLE VALERIE BAKER FAIRBANK, JUDGE PRESIDING

6                            ---

7

8   UNITED STATES OF AMERICA,    )
                                 )
9                Plaintiff,      )
                                 )
10                              )
        vs.                      ) NO:  CR 07-1049-VBF
11                              )
                                 )
12  KENNETH BERNARD RILEY,       )
                                 )
13              Defendant.       )
    _____  )

14

15

16

17          **REPORTER'S TRANSCRIPT OF PROCEEDINGS**
                    **(CHANGE OF PLEA)**

18              **Los Angeles, California**

19              **Friday, August 12, 2011**

20

21

22                        KATHERINE M. STRIDE, RPR, CSR
                          Official Court Reporter
23                        Roybal Federal Building
                          255 E. Temple Street, Rm. 181-B
24                        Los Angeles, California  90012

25                        (213)894-2187

1    **APPEARANCES:**

2

3    In behalf of the Government:

4                    JOHN LULEJIAN
                     ASSISTANT UNITED STATES ATTORNEY
5                    Criminal Division, United States Courthouse
                     312 North Spring Street
6                    Los Angeles, California  90012
                     (213)894-2434
7

8

9

10

11

12

13    In behalf of the Defendant:

14                   LAW OFFICES OF BRIAN A. NEWMAN
                     BY:  BRIAN A. NEWMAN
15                   225 Avenue I, Suite 201
                     Redondo Beach, CA  90277
16                   (310)316-6622

17

18

19

20

21

22

23

24

25

```
 1          LOS ANGELES, CALIFORNIA; FRIDAY, AUGUST 12, 2011;

 2                           9:43 A.M.

 3

 4          THE CLERK:  Please remain seated and come to

 5   order.  This United States District Court for the

 6   Central District of California is now in session, the

 7   Honorable Valerie Baker Fairbank, judge residing.

 8          THE COURT:  Good morning.  I would ask the

 9   Clerk to, please, call the next case.

10          THE CLERK:  Calling No. 1, Criminal 07-1049,

11   United States of America versus Kenneth Bernard Riley.

12          Counsel, please state your appearances.

13          MR. LULEJIAN:  Good morning, Your Honor.  John

14   Lulejian for the United States of America.

15          THE COURT:  Mr. Lulejian.

16          MR. NEWMAN:  Good morning, Your Honor.  With

17   deep apologies, Your Honor, for only the second time in

18   32 years, I forgot my coat at home.  I did run by Roybal

19   because a friend of mine was there, and I borrowed a

20   jacket, but he wears a 38 and I wear a 48, and there's

21   no way I could put it on.  I do have it if Your Honor

22   wants me to try to squeeze into it.

23          THE COURT:  There's no problem at all.  I

24   didn't notice.

25          MR. NEWMAN:  I feel totally ashamed.  It has
```

1    just almost never happened.

2            THE COURT:  No problem.

3            MR. NEWMAN:  Oh, I'm sorry, Your Honor.  Brian

4    Newman with Kenneth Riley.  Permission to -- may we do

5    this sitting down with Mr. Riley.

6            THE COURT:  Yes, for the reasons previously

7    stated, Mr. Riley's health condition; is that right;

8    Mr. Newman?

9            MR. NEWMAN:  Yes, it is Your Honor.

10           THE COURT:  Any objection, Mr. Lulejian?

11           MR. LULEJIAN:  No, Your Honor.

12           THE COURT:  Mr. Newman, do you and your client

13   have a copy before you of the plea agreement for

14   Defendant Kenneth Bernard Riley?  It is Docket No. 119

15   filed August 4th, 2011.

16           MR. NEWMAN:  We do, Your Honor.

17           THE COURT:  Okay.  Do you also have a copy of

18   the First Superseding Information alleging a violation

19   of 21, U.S.C., 841(a)(1) and (b)(1)(B)(iii),

20   distribution of cocaine base in the form of crack

21   cocaine?

22           MR. NEWMAN:  We do, Your Honor.

23           THE COURT:  I understand Mr. -- Mr. Newman,

24   that your client, Mr. Riley, wants to plead guilty

25   pursuant to the plea agreement, Docket No. 119; is that

1    correct?

2              MR. NEWMAN:  That is correct, Your Honor.

3              THE COURT:  The agreement will be incorporated

4    and made a part of this proceeding.

5              I want to ascertain, Mr. Newman, your client's

6    competency to proceed, and then I will arraign him on

7    the First Superseding Information and proceed with the

8    plea; is that all right?

9              MR. NEWMAN:  That is fine, Your Honor, yes.

10             THE COURT:  Mr. Riley, before I proceed and

11   accept your plea of guilty to the First Superseding

12   Indictment -- or Information -- I must be sure that you

13   are fully informed of your rights and that you

14   understand your rights and the nature of this

15   proceeding.  I'm going to ask you a series of questions

16   and tell you about certain rights.  If you don't

17   understand one of my questions or any statement that I

18   make, please tell me, and I will stop and make it clear

19   for you.  Also, you may stop me at any time to talk to

20   your lawyer.  Please let me know whenever you want to do

21   that.  Okay.

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  And please also let me know if you

24   have any difficulty hearing me or the attorneys.  Okay.

25             THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  I would -- and you can remain

2     seated.  I would ask the clerk to administer the oath to

3     Mr. Riley.

4          THE CLERK:  Mr. Riley will you please raise

5     your right hand to the best of your ability.

6          Do you do solemnly swear that you will make

7     true answers to such questions that the Court will ask

8     you regarding your change of plea so help you God?

9          THE DEFENDANT:  Yes, sir.

10          THE CLERK:  Thank you.

11          THE COURT:  Mr. Riley, do you understand that

12     you are under oath?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  And that if you answer any of my

15     questions falsely, your answers may later be used

16     against you in another prosecution for perjury for

17     making a false statement?

18          THE DEFENDANT:  Yes, ma'am.

19          THE COURT:  Do you understand that you have the

20     right to remain silent and not to answer any of my

21     questions?

22          THE DEFENDANT:  Yes, ma'am.

23          THE COURT:  Do you give up that right?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  Does counsel join?

```
1              MR. NEWMAN:  Join, Your Honor.

2              THE COURT:  Mr. Riley, what is your true and

3     correct full name?

4              THE DEFENDANT:  Kenneth Bernard Riley.

5              THE COURT:  And how old are you, Mr. Riley?

6              THE DEFENDANT:  49.

7              THE COURT:  And how many years of school have

8     you completed?

9              THE DEFENDANT:  11.

10             THE COURT:  Have you be treated recently for

11    any mental illness or addiction to narcotics of any

12    kind?

13             THE DEFENDANT:  No.

14             THE COURT:  Are you under the influence of any

15    drug, medication, or alcoholic beverage of any kind.

16             MR. NEWMAN:  Your Honor, he has taken his pain

17    medicine as prescribed by his physicians.

18             THE COURT:  I'm asking these questions, of

19    course, to determine whether Mr. Riley is in possession

20    of his faculties and is competent to proceed.

21             Does the medication, the pain medication you're

22    taking, affect your ability to understand these

23    proceedings?

24             THE DEFENDANT:  No, ma'am.

25             THE COURT:  Do you or Mr. Newman know what
```

1    medication you're taking?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  Can you tell us.

4              THE DEFENDANT:  Oxycontin.

5              THE COURT:  Oxycontin, and when did you take

6    that?

7              THE DEFENDANT:  This morning; every morning and

8    every night.

9              THE COURT:  And does it have any affect on

10   your -- your competency, your ability to understand the

11   proceedings to make decisions?

12             THE DEFENDANT:  No, ma'am.

13             THE COURT:  Okay.  Any other medication?

14             THE DEFENDANT:  No, ma'am.

15             THE COURT:  Have you had any -- other than the

16   Oxycontin, have you had any other drugs or alcohol

17   within the last three days?

18             THE DEFENDANT:  No, ma'am.

19             THE COURT:  For the record, do you know how

20   much Oxycontin you take in the night and the morning?

21             THE DEFENDANT:  20 milligrams each.  So that's

22   a total of 40.

23             THE COURT:  When you take that, are you placed

24   on any limitations?  For example, if you weren't in

25   custody, will you be precluded from driving if you know?

```
 1              THE DEFENDANT:  Probably so.
 2              THE COURT:  But you would be able to engage in
 3     other activities, mental activities?
 4              THE DEFENDANT:  Probably so.
 5              THE COURT:  Will you let us know if you have
 6     any difficulty understanding these proceedings or what
 7     I'm saying?
 8              THE DEFENDANT:  Yes, ma'am.
 9              THE COURT:  Do you -- in other words, do you
10     suffer from any mental condition or disability from
11     fully understand will charges against you or the
12     consequences of your guilty plea?
13              THE DEFENDANT:  No, ma'am.
14              THE COURT:  Is there any reason we should not
15     go forward today?
16              THE DEFENDANT:  No, ma'am.
17              THE COURT:  Mr. Newman, have you talked to your
18     client today about these proceedings?
19              MR. NEWMAN:  I have, Your Honor.
20              THE COURT:  Do you have any reason to believe
21     that your client should not go forward with this plea
22     today?
23              MR. NEWMAN:  None, Your Honor.
24              THE COURT:  Do you believe he is in possession
25     of his faculties and is competent to proceed?
```

1          MR. NEWMAN:  I do, Your Honor.

2          THE COURT:  Based upon the statements of the

3    Defendant and his counsel and my own observations, I

4    find that Mr. Riley is in full possession of his

5    faculties and is competent to proceed.

6          Mr. Riley, you are charged in a First

7    Superseding Information with a violation of Title 21,

8    United States Code Section 841(a)(1) and (b)(1)(B)(iii).

9          Do you have a copy of the First Superseding

10   Indictment before you?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  Have you had time to read the First

13   Superseding Information?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  Have you had enough time to consult

16   with your attorney about this information?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  The Information reads that on or

19   about September 17th, 2005, in Los Angeles County,

20   within the Central District of California,

21   Defendant Kenneth Bernard Riley, also known as "Kenny

22   Boy," knowingly and intentionally distributed at least

23   28 grams, that is approximately 248.5 grams, of a

24   mixture and substance containing a detectable amount of

25   cocaine base in the form of crack cocaine, a Schedule II

1 narcotic drug controlled substance.

2    Do you understand these charges?

3    THE DEFENDANT:  Yes, ma'am.

4    THE COURT:  You have a right, a constitutional

5 right to be charged by an Indictment issued by a Grand

6 Jury.  Here, the charges are in an information, a First

7 Superseding Information.  You -- you can waive the right

8 to an Indictment and consent to being charged by an

9 Information filed by the U.S. Attorney.  In this case,

10 the felony charges against you have been brought by the

11 filing of an Information.  Unless you waive Indictment,

12 you may not be charged with a felony unless a Grand Jury

13 finds, by return of an Indictment, that there is

14 probable cause to believe that a crime has been

15 committed and that you committed it.  If you do not

16 waive Indictment, the Government may -- may present the

17 case to the Grand Jury ask that the Grand Jury indict

18 you.  A Grand Jury is composed of at least 16 and not

19 more than 23 persons.  At least 12 Grand Jurors must

20 find that there is probable cause to believe you

21 committed the crime with which you are charged before

22 you may be indicted.  The Grand Jury might or might not

23 Indict you.  If you waive Indictment by the Grand Jury,

24 the case will proceed against you on the U.S. Attorney's

25 Information as though you had been indicted.

1    Have you discussed waiving or giving up your

2  right to an Indictment by the Grand Jury with your

3  attorney?

4         THE DEFENDANT:  Yes, ma'am.

5         THE COURT:  Do you understand your right to

6  Indictment by a Grand Jury?

7         THE DEFENDANT:  Yes, ma'am.

8         THE COURT:  Has anyone made any promises,

9  representations, or guaranties of any kind in order to

10  get you to waive your right to an Indictment?

11         THE DEFENDANT:  No, ma'am.

12         THE COURT:  Has anyone attempted in any way to

13  threaten you, your family, or anyone close to you to

14  force you to waive your right to an Indictment?

15         THE DEFENDANT:  No, ma'am.

16         THE COURT:  Do you want to waive and give up

17  your right to Indictment by a Grand Jury?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  I'd ask your attorney, Mr. Newman,

20  have you discussed with your client his right to be

21  charged by Indictment?

22         MR. NEWMAN:  We have, Your Honor.

23         THE COURT:  Do you have any reason why

24  Mr. Riley should not waive Indictment?

25         MR. NEWMAN:  No, Your Honor.

1          THE COURT:  Are you satisfied that the waiver

2     is knowingly, voluntarily, and intelligently made?

3          MR. NEWMAN:  Yes, Your Honor.

4          THE COURT:  And do you concur in the waiver.

5          MR. NEWMAN:  Yes, Your Honor.

6          THE COURT:  I would also note that I have a

7     waiver of Indictment before me.

8          Do you have a copy of this?

9          MR. NEWMAN:  No, Your Honor, it was just

10    executed this morning.

11         THE COURT:  Okay.

12         MR. NEWMAN:  But we did see it.

13         THE COURT:  No problem.  I would ask the Clerk

14    to pass the waiver of Indictment to Mr. Riley, and I

15    would ask him if that's his signature.

16              (Brief interruption.)

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  Thank you.  Did you read and

19    understand the waiver before you signed it?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  Thank you.  In the case of

22    United States versus Kenneth Bernard Riley, Case

23    No. 07-1049(A), the Court finds that the Defendant,

24    Mr. Riley, is fully competent and aware of the nature of

25    his right to require that the Government proceed by way

 1    of an Indictment.

 2              The Court further finds that the waiver is

 3    freely, intelligently, and voluntarily made, and the

 4    Court, therefore, accepts the waiver, and I will sign it

 5    and order that it be filed.

 6              With respect to the waiver of Indictment,

 7    anything further?

 8              MR. LULEJIAN:  No, Your Honor.

 9              MR. NEWMAN:  No, Your Honor.

10              THE COURT:  Thank you.  I'll give it to the

11    Clerk.

12              Again, I'd ask you, Mr. Riley, with respect to

13    the First Superseding Information, you have a right to

14    have it read to you.

15              Would you like me to read it to you again?

16              THE DEFENDANT:  No, ma'am.

17              THE COURT:  Do you give up that right?

18              THE DEFENDANT:  Yes, ma'am.

19              THE COURT:  You also have the following

20    constitutional rights that you will be giving up if you

21    plead guilty:  You have the right to plead not guilty to

22    any offense charged against you and to persist in that

23    plea.  You have the right to a speedy and a public

24    trial.  You have the right to a trial by jury.  At

25    trial, you would be presumed to be innocent, and the

1    Government would have to prove your guilt beyond a

2    reasonable doubt.  If both you and the Government give

3    up the right to a jury trial, you have the right to be

4    tried by the Court.  You have the right to the

5    assistance of counsel for your defense throughout the

6    proceedings even if you do not enter into a plea

7    agreement.  If you cannot afford counsel, the Court will

8    appoint counsel for you free of charge to assist you at

9    trial and at every other stage of the proceedings.  You

10   have the right to confront and cross-examine the

11   witnesses against you, that is, to see and hear all the

12   witnesses and have them questioned by your attorney.

13   You have the right to have witnesses subpoenaed and

14   compelled to testify on your behalf.  You have the right

15   to testify yourself on your own behalf.  You have the

16   privilege against self-incrimination, that is, you have

17   the right not to testify or incriminate yourself in any

18   way.  If you went to trial and decided not to testify,

19   that fact could not be used against you.  By pleading

20   guilty, you are giving up that right and you are

21   incriminating yourself.  You have the right to appeal

22   your conviction and your sentence if you go to trial and

23   you are convicted.

24          Has your lawyer advised you of all of these

25   rights?

1             THE DEFENDANT:  Yes, ma'am.

2             THE COURT:  Do you understand all of them?

3             THE DEFENDANT:  Yes, ma'am.

4             THE COURT:  Do you have any questions about any

5 of them?

6             THE DEFENDANT:  No, ma'am.

7             THE COURT:  Do you need any more time to talk

8 to your lawyer about your rights?

9             THE DEFENDANT:  No, ma'am.

10             THE COURT:  Do you understand that, if your

11 plea is accepted, you will be incriminating yourself and

12 you will have waived or given up your right to a trial

13 and all the other rights I just described?

14             THE DEFENDANT:  Yes, ma'am.

15             THE COURT:  Do you give up those rights?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  Mr. Newman, are you satisfied that

18 each of these waivers is knowingly, voluntarily, and

19 intelligently made?

20             MR. NEWMAN:  Yes, Your Honor.

21             THE COURT:  And do you join and concur in each

22 of the waivers?

23             MR. NEWMAN:  I do concur, Your Honor.

24             THE COURT:  Mr. Riley, as I told you, you're

25 charged in the First Superseding Information with a

1    violation of Title 21, United States Code, Section 841,

2    Subpart (a)(1) and Subpart (b)(1)(B), triple I,

3    distribution of cocaine base in the form of crack

4    cocaine.  This is a felony.

5           Please listen carefully because I'm going to

6    ask the Assistant U.S. Attorney, Mr. Lulejian to state

7    the elements of the charge.

8           MR. LULEJIAN:  Your Honor, the elements of this

9    charge are as follows:  First, the Defendant knowingly

10   delivered cocaine base; second, the Defendant knew that

11   it was cocaine base or some other prohibited drug.

12          In addition, Your Honor, in order to invoke the

13   mandatory minimum set forth by Congress, the Government

14   would have to prove beyond a reasonable doubt that the

15   Defendant distributed at least 28 grams of a mixture or

16   substance containing a detectable amount of cocaine

17   base, and those elements are set forth in paragraphs 4

18   and 5 of the plea agreement.

19          THE COURT:  Thank you.

20          Mr. Riley, do you understand the nature of the

21   charges?

22          THE DEFENDANT:  Yes, ma'am.

23          THE COURT:  Have you discussed the charges and

24   the elements of the charges with your lawyer?

25          THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  Do you have any questions about the

2     charges?

3          THE DEFENDANT:  No, ma'am.

4          THE COURT:  Have you been advised of the

5     elements including the maximum penalties?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  Please listen carefully because I'm

8     going to ask Mr. Lulejian to state the penalties.

9          MR. LULEJIAN:  The maximum penalties for this

10    crime are as follows, Your Honor:  40 years'

11    imprisonment; five years, which is mandatory; a lifetime

12    period of supervised release; a fine of $100 or twice

13    the gross gain or gross loss resulting from the offense,

14    whichever is greater; and a mandatory Special Assessment

15    of $100.

16         In addition, Your Honor, there is a mandatory

17    four-year period of supervised release in addition to

18    the five-year mandatory term of imprisonment.

19         THE COURT:  Thank you.  Can -- can you make

20    clear, Mr. Lulejian, are there any findings that the

21    Court will be asked to make that will increase the

22    statutory sentence or that could require a mandatory

23    minimum?

24         MR. LULEJIAN:  The statutory finding the Court

25    would have to make, Your Honor, is that the Defendant

1    distributed at least 28 grams of cocaine base.

2              In addition, Your Honor, in this case, the

3    Government has filed a Section 851 penalty enhancement.

4    That would, certainly, increase the penalties.  However,

5    as part of the plea agreement, the Government has agreed

6    to dismiss that -- move to dismiss that enhancement.  So

7    the penalty -- the maximum penalty would be 40 years if

8    the Court accepts that, and the minimum penalty would

9    be -- the least the Court could sentence would be a

10   mandatory minimum of five years' imprisonment.

11             THE COURT:  Thank you.  So am I correct that

12   the quantity of drugs will trigger a mandatory minimum?

13             MR. LULEJIAN:  Yes, Your Honor, if it is more

14   than 28 grams of a mixture or substance containing a

15   detectable amount of cocaine base.  So that triggers the

16   mandatory minimum.  It is less than the 280 grams set

17   forth in the revision by Congress to invoke the ten-year

18   mandatory minimum, though.

19             THE COURT:  Thank you.

20             Mr. Riley, do you understand that, if this case

21   went to trial, the Government would be required to prove

22   to the trier of fact beyond a reasonable doubt that the

23   quantity of drugs exceeded 28 grams of cocaine base?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  In other words, you have a right to

```
1    have a jury determine the total amount of drugs as

2    charged; do you understand?

3              THE DEFENDANT:  Yes, ma'am.

4              THE COURT:  Do you admit that the drug offense

5    to which you are pleading involved a quantity of drugs

6    in excess of 28 grams of cocaine base?

7              THE DEFENDANT:  Yes, ma'am.

8              THE COURT:  Do you waive or give up your right

9    to have a jury determine the amount of drugs charged in

10   the First Superseding Information?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  As the Prosecutor stated,

13   Mr. Riley, you may be subject to supervised release for

14   a number of years after you're released from prison.

15             Have you discussed with your lawyer and do you

16   understand supervised release?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  Do you understand that, if you are

19   sent to prison and you are placed on supervised release

20   following imprisonment and you violate one or more of

21   the conditions of supervised release, you may be

22   returned to prison for all or part of the term of

23   supervised release?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  Do you understand that, if you are
```

1    presently on parole, probation, or supervised release in

2    another case, this plea alone may be the basis for

3    revocation of that parole, probation, or supervised

4    release and as a result you may be returned to prison on

5    that other case if there is another case?

6         THE DEFENDANT:  Yes, ma'am.

7         THE COURT:  Do you understand that, if you are

8    not a citizen of the United States, this plea may cause

9    you to be deported or removed from the United States and

10   may result in denial of naturalization or citizenship,

11   denial of residency status and denial of amnesty?

12        THE DEFENDANT:  Yes, ma'am.

13        THE COURT:  You are pleading to a felony

14   offense.  If your plea is accepted, I will find you

15   guilty.  That may deprive you of valuable civil rights

16   such as the right to vote, the right to hold public

17   office, the right to serve on a jury, and the right to

18   possess a firearm of any kind; do you understand?

19        THE DEFENDANT:  Yes, ma'am.

20        THE COURT:  Do you also understand that you

21   will not -- you will not be eligible for assistance

22   under the state programs funded under the Social

23   Security Act or the Federal Food Stamp Act and will not

24   be eligible for federal food stamp program benefits?

25        THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  Do you understand that any such

2     benefits or assistance received by your family members

3     will be reduced to reflect your ineligibility?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Do you understand that any federal

6     sentence imposed cannot run concurrently with any state

7     sentence that has not been imposed at the time of your

8     sentencing on the federal crime?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  I would ask, Mr. Lulejian, is

11     forfeiture an issue here?

12          MR. LULEJIAN:  Not a forfeiture restitution,

13     Your Honor.

14          THE COURT:  Thank you.

15          Mr. Riley, do you understand the possible

16     consequences of your plea including the maximum sentence

17     you can receive, the mandatory minimum sentence, and the

18     other terms the Assistant U.S. Attorney and I have

19     described?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Do you understand that parole has

22     been abolished and that, if you are sentenced to prison,

23     you will not be released on parole?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  Do you have -- do you have any

1    questions regarding the potential sentence that you may

2    receive if the Court accepts your plea of guilty?

3              THE DEFENDANT:  No, ma'am.

4              THE COURT:  Have you discussed the possible

5    punishment, the facts of your case, and the possible

6    defenses with your lawyer?

7              THE DEFENDANT:  Yes, ma'am.

8              THE COURT:  Have you understood everything that

9    has been said so far?

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  Is there any reason I should not

12   continue with these proceedings and take your plea

13   today?

14             THE DEFENDANT:  No, ma'am.

15             THE COURT:  Mr. Riley, you'll be sentenced

16   under the Sentencing Reform Act of 1984.  The

17   United States Sentencing Commission has issued

18   guidelines that judges must consult and take into

19   account but are not required to follow in determining

20   the sentence in criminal cases.

21             In determining a sentence, the Court's

22   obligation is to calculate the applicable sentencing

23   guideline range and to consider that range and possible

24   departures under the sentencing guidelines as well as

25   other sentencing factors set forth in Title 18,

1   United States Code, Section 3553(a).

2            Have you and your lawyer talked about how the

3   sentencing guidelines might be applied in your case?

4            THE DEFENDANT:  Yes, ma'am.

5            THE COURT:  Has your lawyer also explained to

6   you how the various elements and factors will be used to

7   determine your sentence?

8            THE DEFENDANT:  Yes, ma'am.

9            THE COURT:  Do you understand that neither the

10  Court nor your lawyer will be able to determine the

11  guideline range for your case until after a Presentence

12  Report has been prepared by the Probation Officer?

13           THE DEFENDANT:  Yes, ma'am.

14           THE COURT:  Do you understand that you and the

15  Government will have an opportunity to review the report

16  and challenge the reported facts and the guideline range

17  calculated by the Probation Officer and to suggest that

18  the Court consider other factors?

19           THE DEFENDANT:  Yes, ma'am.

20           THE COURT:  Do you understand that the sentence

21  imposed may be different from any estimate your lawyer

22  may have given you?

23           THE DEFENDANT:  Yes, ma'am.

24           THE COURT:  Do you also understand that, after

25  your guideline range has been calculated by the

1    Probation Department, the Court has the authority to

2    impose a sentence that is more severe or less severe

3    than the sentence called for in the guidelines?

4            THE DEFENDANT:  Yes, ma'am.

5            THE COURT:  Do you understand that neither this

6    uncertainty nor the disappointment you may feel over the

7    guideline range for your case or the Court's essential

8    sentence would be a basis to withdraw your plea?

9            THE DEFENDANT:  Yes, ma'am.

10           THE COURT:  Mr. Riley, have you read the plea

11   agreement filed on August 4th, 2011?

12           THE DEFENDANT:  Yes, ma'am.

13           THE COURT:  I would direct your attention to

14   the plea agreement, page 15, line 14.

15           Is that your signature?

16           THE DEFENDANT:  Yes, ma'am.

17           THE COURT:  And did you sign on the date

18   stated, August 4th, 2011?

19           THE DEFENDANT:  Yes, ma'am.

20           THE COURT:  And I would also direct your

21   attention to the next page, page 16, line 23.

22           Is that your signature?

23           THE DEFENDANT:  Yes, ma'am.

24           THE COURT:  And did you sign on August 4th,

25   2011?

1          THE DEFENDANT:  Yes, ma'am.

2          MR. LULEJIAN:  Your Honor.

3          THE COURT:  Yes.

4          MR. LULEJIAN:  Just so the record is clear,

5    would the Court inquire of Mr. Riley on the date that he

6    signed that, that even though he was on medication, he

7    understood what he was doing and that it was knowingly

8    and voluntary?

9          THE COURT:  Yes.

10          Mr. Riley, I would ask you, on the date you

11    signed the plea agreement, August 4th, 2011, were you on

12    any medication?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Is that the same medication you've

15    described to us this morning, the --

16          THE DEFENDANT:  Oxycontin.

17          THE COURT:  Okay.

18          THE DEFENDANT:  Yes, ma'am.

19          THE COURT:  And do you know how you spell that?

20          THE DEFENDANT:  No.

21          THE COURT:  Okay.  Any other medications?

22          THE DEFENDANT:  No, ma'am.

23          THE COURT:  Did these medications -- oh, okay.

24    All right.  Did this medication, Oxycontin, or your

25    medical condition affect your ability to understand the

1    plea agreement --

2              THE DEFENDANT:  No, ma'am.

3              THE COURT:  -- or the consequences of signing

4    the plea agreement?

5              THE DEFENDANT:  No, ma'am.

6              THE COURT:  Mr. Lulejian, do you suggest any

7    other inquiry?

8              MR. LULEJIAN:  No, Your Honor.  I think the

9    Court has been thorough.  Today's waiver -- today's

10   state of mind is what counts given Mr. Riley's history.

11   I just wanted to make sure that there was no issues that

12   come up potentially on appeal.

13             THE COURT:  Thank you.  Thank you.

14             MR. NEWMAN:  I just want to state for the

15   record, Your Honor, we reviewed this in depth on the 4th

16   of August in my presence, and Mr. Riley had full

17   presence of his -- his faculties, and I was satisfied

18   with his condition.  So --

19             THE COURT:  And, Mr. Newman, with respect to

20   Mr. Riley's condition today, his taking Oxycontin and

21   his having medical problems that you've described

22   previously, are you confident that he is capable of

23   understanding these proceedings and the consequences of

24   his plea?

25             MR. NEWMAN:  As the Court knows, Your Honor,

1    I've been representing Mr. Riley for a long time now,

2    and I'm fully aware of all Mr. Riley's medical

3    conditions and his mental abilities and mental state,

4    and I'm completely comfortable with the proceedings as

5    they've gone on today.  I'm -- I'm confident that he

6    understands the proceedings and he understands

7    Your Honor's questions, and I'm satisfied with his

8    responses to Your Honor's inquiry.

9            THE COURT:  That's consistent with my

10   observations.

11           Mr. Riley, do you agree?

12           THE DEFENDANT:  Yes, ma'am.

13           THE COURT:  Thank you.

14           Mr. Riley, do you understand the terms of the

15   plea agreement?

16           THE DEFENDANT:  Yes, ma'am?

17           THE COURT:  Do you want any more time to

18   discuss it with your lawyer?

19           THE DEFENDANT:  No, ma'am.

20           THE COURT:  Do you understand that the Court is

21   not a party to the agreement and is not bound by its

22   terms?

23           THE DEFENDANT:  Yes, ma'am.

24           THE COURT:  Are the terms of the agreement the

25   entire understanding that you have with the Government?

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  Other than what is contained in the

3     written plea agreement, has anyone made you any

4     promises, representations, or guarantees of any kind in

5     an effort it get you to plead guilty?

6          THE DEFENDANT:  No, ma'am.

7          THE COURT:  Other than what is contained in the

8     written plea agreement and other than a general

9     discussion of the guidelines sentencing range and other

10    sentencing factors, has anyone made you any promises of

11    leniency or a particular sentence or other inducement to

12    get you to plead guilty?

13         THE DEFENDANT:  No, ma'am.

14         THE COURT:  Has anyone told you the Court will

15    impose any specific sentence in the event your plea is

16    accepted?

17         THE DEFENDANT:  No, ma'am.

18         THE COURT:  Has any attempted in any way to

19    threaten you, a family member, or anyone close to you to

20    force you to plead guilty in this case?

21         THE DEFENDANT:  No, ma'am.

22         THE COURT:  Are you pleading guilty voluntarily

23    and of your own free will?

24         THE DEFENDANT:  Yes, ma'am.

25         THE COURT:  As part of the plea agreement, the

1   Government has agreed to make certain recommendations

2   concerning your sentence or the Offense Level to be used

3   in fixing your sentence.

4          Do you understand that these terms of the plea

5   agreement are merely recommendations to the Court and

6   that the Court can reject the recommendation and impose

7   a sentence that is more severe than you may expect

8   without allowing you to withdraw your plea?

9          THE DEFENDANT:  Yes, ma'am.

10         THE COURT:  Do you understand, Mr. Riley, that

11   by entering into this plea agreement and entering a plea

12   of guilty, you will have given up or limited your right

13   to appeal or collaterally attack all or part of the

14   sentence?

15         THE DEFENDANT:  Yes, ma'am.

16         THE COURT:  I'll direct your attention to the

17   plea agreement pertaining to this issue on page 10,

18   paragraphs 19, 20, and 21.

19         Please listen carefully because I'm going to

20   ask Mr. Lulejian to read pertinent portions of these

21   provisions under title -- under the title "Waiver of

22   Appeal of Conviction and Waiver of Appeal and Collateral

23   Attack."

24         MR. LULEJIAN:  Yes, Your Honor.  For purposes

25   of Waiver of Appeal of Conviction in the plea agreement,

1   paragraph 19, sets forth as follows:  The Defendant

2   understands that, with the exception of an appeal based

3   on a claim, the Defendant's guilty plea was involuntary.

4   By pleading guilty, the Defendant is waiving and give up

5   any right to appeal the Defendant's conviction on the

6   offense to which the Defendant is pleading guilty.

7           With respect to Waiver of Appeal and Collateral

8   Attack set forth in paragraphs 20 and 21, the Defendant

9   gives up the right to appeal all of the following:  A,

10  the procedures and calculations used to determine and

11  impose any portion of the sentence; B, the term of

12  imprisonment imposed by the Court provided it is within

13  the statutes statutory maximum; C, the fine impose by

14  the Court provided it is within the statutory maximum;

15  D, the term of probation or supervised release imposed

16  by the Court provided it is within the statutory

17  maximum; and, E, any of the following conditions of

18  probation or supervised release imposed by the Court,

19  specifically, the standard conditions set forth in

20  General Orders 318, 01-05, and/or 05-02 of this Court,

21  the drug testing conditions mandated by Title 18,

22  United States Code, Section 3563(a)(5), and 3583(d), and

23  the alcohol and drug use conditions authorized by

24  Title 18, United States Code, Section 3563(b)(7).

25          The Defendant also gives up any right to bring

1    a post-conviction collateral attack on the conviction or

2    sentence except a post-conviction collateral attack

3    based on a claim of ineffectiveness of counsel, a claim

4    of newly discovered evidence, or an explicitly

5    retroactive change in the applicable sentencing

6    guidelines, sentencing statutes, or statutes of

7    conviction.

8            THE COURT:  Thank you.  Would you also read

9    paragraph 22 on page 11.

10           MR. LULEJIAN:  Yes, Your Honor.  This agreement

11   does not affect in any way the right of the U.S.

12   Attorney's Office to appeal the sentence imposed by the

13   Court.

14           THE COURT:  Thank you.

15           Mr. Riley, did you discuss giving up your right

16   to appeal with your lawyer?

17           THE DEFENDANT:  Yes, ma'am.

18           THE COURT:  Based on that discussion and having

19   considered this issue, do you agree that you are giving

20   up your right to appeal on the terms and conditions set

21   forth in this plea agreement?

22           THE DEFENDANT:  Yes, ma'am.

23           THE COURT:  Mr. Newman, the plea agreement

24   indicates that it was signed by you and your client on

25   August 4th, 2011; is that correct?

1          THE DEFENDANT:  That's correct, Your Honor.

2          THE COURT:  Did your client sign the agreement

3     in your presence?

4          MR. NEWMAN:  He did, Your Honor.

5          THE COURT:  Did you discuss the contents of the

6     plea agreement with your client before he signed it?

7          MR. NEWMAN:  Yes, Your Honor.

8          THE COURT:  Does the plea agreement represent

9     the entire agreement between your client and the

10    Government?

11         MR. NEWMAN:  It does, Your Honor.

12         THE COURT:  Referring to page 15, line 17, is

13    that your signature?

14         MR. NEWMAN:  It is, Your Honor.

15         THE COURT:  And referring to page 17, line 18,

16    is that your signature as well?

17         MR. NEWMAN:  It is, Your Honor.

18         THE COURT:  And did you sign on the date

19    stated, August 4th, 2011?

20         MR. NEWMAN:  I did, Your Honor.

21         THE COURT:  Did you review the facts of the

22    case and all the discovery provided by the Government?

23         MR. NEWMAN:  Yes, Your Honor.

24         THE COURT:  Did you review those facts and

25    discovery with your client?

1          MR. NEWMAN:  I did, Your Honor.

2          THE COURT:  Did you discuss with your client

3   the potential defenses he might have?

4          MR. NEWMAN:  Yes, Your Honor.

5          THE COURT:  Have you advised your client

6   concerning the legality or admissibility of any

7   statements or confessions or other evidence the

8   Government has against him?

9          MR. NEWMAN:  I did, Your Honor.

10          THE COURT:  To the best of your knowledge, is

11   your client pleading guilty because of any illegally

12   obtained evidence in the possession of the Government?

13          MR. NEWMAN:  None that I'm aware of,

14   Your Honor.

15          THE COURT:  Did -- did you and your client

16   agree it was in his best interest to enter into this

17   plea?

18          MR. NEWMAN:  Yes, Your Honor.

19          THE COURT:  Is it your opinion that your client

20   is entering into this plea freely and voluntarily with a

21   full knowledge of the charges and the consequences of

22   the plea?

23          MR. NEWMAN:  Yes, Your Honor.

24          THE COURT:  Have there been any promises, help

25   representations, or guarantees made either to you or

1    your client other than what is contained in the plea

2    agreement?

3             MR. NEWMAN:  None, Your Honor.

4             THE COURT:  Other than what is contained in the

5    written plea agreement and other than a general

6    discussion of the sentencing guideline range and other

7    sentencing considerations, have you given any indication

8    to your client of what specific sentence the Court would

9    impose in the event the Court accepts his plea of

10   guilty?

11            MR. NEWMAN:  No, Your Honor.

12            THE COURT:  Do you know of any reason why this

13   Court should not accept your client's plea?

14            MR. NEWMAN:  None, Your Honor.

15            THE COURT:  Do you join in the waiver of jury

16   trial and concur in the plea?

17            MR. NEWMAN:  I do join and concur, Your Honor.

18            THE COURT:  Mr. Lulejian, other than what has

19   been expressly contained in the written plea agreement,

20   has the Government made any promises, representations,

21   or guarantees either to the Defendant or to Defense

22   Counsel?

23            MR. LULEJIAN:  No, Your Honor, it has not.

24            THE COURT:  Does the Government waive jury

25   trial?

1          MR. LULEJIAN:  Yes, the Government waives jury

2     trial, Your Honor.

3          THE COURT:  Okay.  Thank you.

4          Mr. Riley, are you satisfied with the

5     representation your lawyer has provided?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  Have you told your lawyer

8     everything you know about your case especially about any

9     statements or confessions or other evidence you know

10    about that the Government has against you?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  Do you believe that your lawyer has

13    fully considered any defense you may have to the

14    charges?

15         THE DEFENDANT:  Yes, ma'am.

16         THE COURT:  Do you believe he's fully advised

17    you concerning this matter?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  Do you believe you have had enough

20    time to discuss this matter with your lawyer?

21         THE DEFENDANT:  Yes, ma'am.

22         THE COURT:  Do you believe you understand

23    everything that has happened here today and everything

24    that is said by the lawyers and by me?

25         THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  Do you believe you understand the

2     consequences to you of this plea?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  Do you believe you are competent to

5     make the decision to plead guilty?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  Do you know of any reason why this

8     Court should not accept your plea of guilty?

9          THE DEFENDANT:  No, ma'am.

10         THE COURT:  Do you understand, then, that all

11     that is left in your case, if I accept your plea of

12     guilty, is the imposition of sentence which may well

13     include imprisonment?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  Having in mind all that we have

16     discussed regarding your plea of guilty, the rights you

17     will be giving up, and the maximum sentence you may

18     receive, do you still want to plead guilty?

19         THE DEFENDANT:  Yes, ma'am.

20         THE COURT:  Please listen carefully, Mr. Riley,

21     because I'm going to ask the Prosecutor to state the

22     facts the Government would be prepared to prove at

23     trial, and then I'm going to ask you some questions

24     about what the Prosecutor is about to say.

25              I'd also call your attention to the plea

1    agreement, page 6 and 7, paragraph 12 and 13.

2         MR. LULEJIAN:  Your Honor, if this case went to

3    trial, the government would prove the following facts:

4    On September 17th, 2005, the Defendant met with a

5    confidential Government source and agreed to sell the

6    source 9 ounces of cocaine base in the form of crack

7    cocaine for $5,625.  The Defendant explained to the

8    confidential source that the cocaine powder will cost

9    $4,500 and the price of converting the cocaine powder

10   into crack cocaine was $125 per ounce, or $1,125 total.

11   The Defendant accepted an initial payment of $4,500 from

12   the confidential source, which the Defendant used to

13   obtain approximately 9 ounces of cocaine powder from his

14   co-Defendant.  The Defendant then converted the cocaine

15   powder into approximately 9 ounces of crack cocaine.

16   The Defendant then met with the confidential source,

17   then in exchange for the remaining $1,125, provided the

18   confidential source with approximately four -- I'm

19   sorry -- 248.5 grams of crack cocaine, which was hidden

20   in a Godiva chocolates box.

21        In addition, Your Honor, the Defendant

22   acknowledges that, for purposes of relevant conduct and

23   determining the sentence -- appropriate sentencing

24   guideline range, as set forth in paragraph 15, that, A,

25   on or about June 20th, 2005, within the Central District

1   of California, the Defendant distributed approximately

2   143.7 grams of a mixture and substance of cocaine crack

3   cocaine; and, B, beginning on or about February 8, 2006,

4   and continuing until or about February 9, 2006, within

5   the Central District of California, and elsewhere, the

6   Defendant, his co-defendant, and others conspired to

7   possess with intent to distribute and to distribute

8   approximately 8 ounces, that is, 226.8 grams of cocaine

9   powder.

10          I should clarify that the co-Defendants are

11   different individuals.

12          And as a result of these admissions,

13   Your Honor, the parties agree -- and this is set forth

14   in paragraph 15, Footnote 1 on Paragraph 8 -- that for

15   purposes of determining the appropriate Offense Level in

16   the equivalency table set forth in Section 2D1.1 of the

17   United States Sentencing Guidelines, that the combined

18   drugs listed above are equivalent to 1,445.9 kilograms

19   of marijuana.

20          THE COURT:  Thank you.

21          Mr. Riley, do you understand what Mr. Lulejian

22   stated?

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  Is everything he said about you and

25   about your conduct and intent true and correct?

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  Are you pleading guilty because you

3    did the things charged in the Information to which you

4    are pleading guilty?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  Are you pleading guilty because you

7    are guilty?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  Is the Government satisfied with

10   the factual basis?

11         MR. LULEJIAN:  Yes, Your Honor, we are.

12         THE COURT:  Do counsel agree that the Court has

13   complied with the requirement of Rule 11?

14         MR. LULEJIAN:  Very much so, Your Honor.

15         MR. NEWMAN:  Yes, Your Honor.

16         THE COURT:  Then, Mr. Newman, if I may address

17   your client and take the plea?

18         MR. NEWMAN:  Yes, Your Honor.

19         THE COURT:  Mr. Kenneth Bernard Riley, in

20   Case No. CR 10-1049(A).

21         MR. LULEJIAN:  I'm sorry, Your Honor --

22         THE COURT:  Yes.

23         MR. LULEJIAN:  -- that should be -- I

24   apologize.  It should be CR 07-1049(A).

25         THE COURT:  I apologize.

1            MR. LULEJIAN:  No, it was my fault because it's

2    misspelled on the --

3            THE COURT:  Plea agreement.

4            MR. LULEJIAN:  -- plea agreement, and I

5    probably misspelled it on the -- the waiver.  It is

6    correct in the First Superseding Indictment.  I do

7    apologize.

8            THE COURT:  All right.  Do you see that,

9    Mr. Newman?

10            MR. NEWMAN:  I do.  I was sort of wondering if

11    it was given a new number or something, but I do see in

12    the filing under the docket number that it's correct so

13    under 07 in the left corner.

14            THE COURT:  Correct; and in the First

15    Superseding --

16            MR. NEWMAN:  Information.

17            THE COURT:  -- Information, the number is

18    correct, 07-1049(A).

19            MR. NEWMAN:  I -- I would have no objection if

20    the Court would just interlineate 07 --

21            THE COURT:  All right.

22            MR. NEWMAN:  -- with 10.

23            THE COURT:  All right.  In the plea agreement,

24    I will do that.  Can you show the plea agreement to

25    Mr. Riley.

1           Mr. Riley, in the plea agreement, the first

2    page, line 13, under the case number, it says 10 instead

3    of 07.

4           THE DEFENDANT:  Yes.

5           THE COURT:  And your case was filed or

6    commenced in 2007, not 2010.

7           THE DEFENDANT:  Yes, ma'am.

8           THE COURT:  Do you agree?

9           THE DEFENDANT:  Yes, ma'am.

10           THE COURT:  And do you agree I could make the

11    change --

12           THE DEFENDANT:  Yes.

13           THE COURT:  -- on the plea agreement.

14           Any other changes?

15           THE DEFENDANT:  Yes, ma'am.

16           MR. LULEJIAN:  None, Your Honor.  I do

17    apologize.

18           MR. NEWMAN:  No further changes, Your Honor.

19           THE COURT:  Thank you.  Then I -- with respect

20    to the plea, Mr. Riley, I would state that in

21    Case No. 07-1049(a), the United States of America versus

22    Kenneth Bernard Riley, how do you plead to the

23    single-count Superseding Information?

24           THE DEFENDANT:  Guilty, ma'am.

25           THE COURT:  Okay.  Mr. Riley, I'm going to make

1    certain findings.  If you don't understand what I say or

2    if you disagree with what I say or if you want to talk

3    to your lawyer, please interrupt me right away or ask

4    your lawyer to interrupt me.

5              In the case of United States of America versus

6    Kenneth Bernard Riley, Case No. 07-1049, the Court,

7    having questioned the Defendant and his attorney on the

8    offer of his plea of guilty to the single count of the

9    First Superseding Information, a felony, the Defendant

10   and his attorney having advised the Court that they have

11   conferred concerning the offered plea of guilty and all

12   aspects of the charges against the Defendant and any

13   defenses he may have, and the Court having observed the

14   Defendant's intelligence, demeanor, and attitude while

15   answering questions, and the Court having observed that

16   the Defendant does not appear to be under the influence

17   of any medicine, drug, or other substance or factor that

18   might affect his actions or judgment in any manner, the

19   Court finds that the Defendant is fully competent and

20   capable of entering an informed plea and that he is

21   aware of the nature of the charges and the consequences

22   of the plea.

23             The Court further finds that the plea of guilty

24   is knowingly, voluntarily, and intelligently made with a

25   full understanding of the nature of the charges, the

1   consequences of the plea, and the Defendant's

2   constitutional rights.

3           The Court finds further that the plea is

4   supported by an independent factual basis containing

5   each of the essential elements of the offenses, and the

6   Court, therefore, accepts the plea and orders that the

7   plea be entered.

8           Mr. Riley, a written presentence report will be

9   prepared by the Probation Office to assist in

10  sentencing.  You'll be asked to provide information for

11  that report.  Your attorney may be present if you wish.

12  You and your attorney will be able to read the report

13  and file objections if you have any before the

14  sentencing hearing.  You and your attorney will be able

15  to speak on your behalf at the hearing.  I urge you to

16  continue to consult with your lawyer throughout this

17  process so that he can answer any questions you have.

18          I would refer the Defendant, Mr. Riley, to the

19  Probation Officer for a presentence report.

20          My Clerk indicates that counsel have conferred

21  and agreed that the following is -- is an appropriate

22  date for sentencing, November 21st, 2011, at 10:30 A.M.;

23  is that correct, Mr. Newman?

24          MR. NEWMAN:  That is correct, Your Honor.

25          THE COURT:  Mr. Lulejian?

1            MR. LULEJIAN:  Yes, Your Honor.

2            THE COURT:  Is that date acceptable to you,

3    Mr. Riley, as well, November 21st, 2011, 10:30, for

4    sentencing in this Court?

5            THE DEFENDANT:  Yes, ma'am.

6            THE COURT:  All right.  Thank you.

7            Anything else, Mr. Lulejian?

8            MR. LULEJIAN:  Nothing further.  Thank you,

9    Your Honor.

10           MR. NEWMAN:  Nothing further, Your Honor.

11           THE COURT:  Thank you.

12           THE DEFENDANT:  Thank you.

13           THE CLERK:  This Court is in recess.

14                (Proceedings concluded at 10:35 P.M.)

15

16                        --oOo--

17

18

19

20

21

22

23

24

25

1              **C E R T I F I C A T E**

2

3           I hereby certify that, pursuant to Title 28,

4      Section 753, United States Code, the foregoing is a true

5      and correct transcript of the stenographically reported

6      proceedings held in the above-entitled matter and that

7      the transcript page format is in conformance with the

8      regulations of the Judicial Conference of the

9      United States.

10          Certified on March 11, 2013.

11

12

13

14                          /s/ Katherine M. Stride
                            KATHERINE M. STRIDE, CSR, RPR
15                          Official Court Reporter
                            License No. 11773
16

17

18

19

20

21

22

23

24

25