UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | LA CR 07-01049-VBF-2 | Date | July 16, 2018 |
|---|---|---|---|

| Present: The Honorable | Valerie Baker Fairbank, Senior United States District Judge |
|---|---|

| Interpreter | N/A |
|---|---|

| N/A | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| **Kenneth Bernard Riley** | | | | N/A | | | |

| Proceedings | (IN CHAMBERS) ORDER Denying Document # 201 (Defendant Riley's Request for Early Termination of Supervised Release) |
|---|---|

On September 26, 2007, an indictment issued which charged that defendant #2, Kenneth Bernard Riley a/k/a Kenny Boy, conspired with Leroy Twyman a/k/a Lee to manufacture, possess with intent to distribute, and distribute more than 50 grams of a mixture or substance containing cocaine base ("crack") in violation of 21 U.S.C. § 846, and with distributing 248.5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). *See* CM/ECF Document ("Doc") 1 at 1-2. The indictment alleged that Twyman supplied cocaine powder which Riley converted into cocaine base and sold, *see* Doc 1 at 2. Magistrate Judge Chapman issued a sealed arrest warrant on September 26, 2007 (text entry after Doc 9). On November 29, 2007, Riley was arrested, and the government filed a Report Commencing Criminal Action (Doc 11) and a Summary of Charges and Penalties (Doc 14). Magistrate Judge Nagle conducted Riley's arraignment on December 3, 2007 (Doc 17). On December 4, 2007, Magistrate Judge Lum conducted a detention hearing (Doc 15) and ordered Riley detained (Doc 16). By Order issued January 4, 2008 (Doc 21), Riley's case was transferred from Judge Schiavelli to the undersigned.

On January 21, 2010, the government filed a 21 U.S.C. section 851 Information (Doc 64) to establish that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Riley had sustained a prior felony drug conviction that had become final (an October 31, 1997 Riverside County Superior Court conviction for Possession and Purchase for Sale of a Controlled Substance in violation of Cal. Health & Safety Code § 11351). The government filed a plea agreement (Doc 119) on August 4, 2011, and a Superseding Information (Doc 122) on August 11, 2011. On August 12, 2011, the Court conducted a plea hearing and accepted Riley's plea of guilty to the lone count of the superseding information, distribution of 248.5 grams of cocaine base. In return, the government declined to seek a sentence enhancement based on the alleged prior drug conviction.

**The U.S. Sentencing Guidelines recommended a term of imprisonment of 188 months to 235 months** followed by 4-5 years of supervised release, *see* Doc 151 at 3 (Guideline Summary). After considering the Pre-Sentence Report ("PSR"), Probation's Recommendation Letter (Doc 150), and the parties' memoranda (Docs 161, 169, and 171-174), **the Court sentenced Riley on February 13, 2012 to 120 months in federal prison; that was ten years, compared to the roughly fifteen to nineteen years recommended by the Guidelines.** The Court then imposed four years of supervised release, compared to the 4-5 years recommended by the Guidelines. *See* Doc 175 (Minutes) & Doc 176 (Judgment). On January 28, 2013, Riley filed a motion to reduce sentence pursuant to 28 U.S.C. § 3582 (Doc 186), which was denied by Order issued May 1, 2013 (Doc 199). Riley did not move for reconsideration, nor did he appeal. **Riley was released from federal prison and began supervised release on August 15, 2015. Riley is currently scheduled to finish supervision on August 15, 2019.**

**On June 15, 2018, Riley, through counsel, filed an Ex Parte[1] Request for Early Termination of Supervised Release (Doc 201).** Riley's counsel represents that Probation Officer Smith and Assistant United States Attorney ("AUSA") Lulejian both stated that they do not oppose the motion, *see* Doc 201 at 1-2. A month has elapsed since then, and the Court has not received any response from the government or from the Probation Office. Accordingly, the Court proceeds to the merits without waiting further for a possible belated response. **For the reasons that follow, the Court will deny Riley's motion and continue his supervision in this case.**

Riley's counsel submits a declaration stating that Riley has complied with all terms of supervision, and conveying the PO's assessment that Riley is "doing well." *See* Doc 201 ¶ 3. Counsel further declares as follows:

Mr. Riley has had, and continues to have severe medical issues. Since his release from custody, he

---

[1] Although the document is denominated as an ex parte request, Riley's certificate of service states that he e-mailed the document to both AUSA Lulejian and USPO Smith. *See* Doc 201 at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

has had two surgeries, including removing the remainder of his intestines. Mr. Riley continues to suffer from incisions[,] hernia[,] and gall bladder and kidney medical issues. (Mr. Riley had a colostomy bag while at MDC [Metropolitan Detention Center] prior to his sentencing, and suffered numerous infection while at MDC.)

Mr. Riley currently resides with his mother and is on disability. Mr. Riley's wife passed away in 2012 and his youngest son also passed away.

Doc 201 at 4 ¶¶ 4-5. In the accompanying two-page memo, Riley's counsel asserts that Riley has "fully reintegrated himself into the community", *see* Doc 201 at 6, but he gives no examples. He further argues that Riley is no danger to anyone because he has no history of violence, did not play an aggravated role in the offense of conviction, and is in such poor physical condition that he is in any event not capable of committing violent acts, *see id*. But we will see below that Riley *did* sustain one conviction for unlawful violence, albeit an old conviction, and has been arrested an unusual number of times on suspicion of felony acts of violence including murder.

By Order dated July 6, 2018 (Doc 202), Riley's case was transferred to the undersigned District Judge.

LEGAL STANDARD:  EARLY TERMINATION OF FEDERAL SUPERVISED RELEASE

The statutory provision governing early termination of federal supervised release states, in its entirety,

*The court may, after considering the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)( C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –*

(1)  *terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release*, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1) (italics added).[2] "The expansive phrases 'conduct of the defendant' and 'interest of justice'"

---

[2] Riley's counsel erroneously cites 18 U.S.C. section 3564 subsection c, which sets forth the standard for early termination of *probation*, not supervised release. The February 21, 2012 Judgment and Commitment Order imposed a four-year term of supervised release, *see* Doc 176 at 1.

"Federal 'parole' was largely abolished and replaced with 'supervised release' by the Sentencing Reform Act of 1984." *US v. Kincade*, 379 F.3d 813, 817 n.2 (9th Cir. 2004) (cite omitted). Congress has extended the parole system, but only for people sentenced for offenses committed before November 1, *1987*, *id.* According to both the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

in section 3583(e)(1) "make clear that a district court enjoys discretion to consider a wide range of circumstances when considering whether to" terminate early. *US v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (cite omitted).

**In turn, the relevant sentencing factors enumerated in 18 U.S.C. § 3553(a) are:**

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

  (A) ~~to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;~~

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant;

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; rehabilitation;

~~(3) the kinds of sentences available;~~

(4) the kinds of sentence and the sentencing range established for –

  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –

    (I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

  (B) in the case of a violation of probation or supervised release, . . . ;

(5) any pertinent policy statement –

---

Superseding Information (Doc 122 at 1-2) and the Pre-Sentence Report (Doc 151 at 6 ¶¶ 19-21), Riley distributed the 248.5 grams of a mixture containing crack on September 17, *2005*, so probation was not an option here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

(A)   issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B)   that, except as provided in section 3742(g), is on effect on the date the defendant is sentenced[;]

(6)   the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.[3]

The Ninth Circuit has explained that "'[t]he district court's duty to consider the § 3553(a) factors necessarily entails a duty to provide a sufficient explanation of the sentencing decision to permit meaningful appellate review.'" *Emmett*, 740 F.3d at 820 (quoting *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013)).

Section 3553(a)'s "overarching purpose" is to craft a sentence "sufficient, but not greater than necessary, to satisfy the purposes of sentencing."  *Kimbrough v. US*, 552 U.S. 85, 101, 128 S. Ct. 558 (2007).

**It is Riley's burden to establish that he is entitled to the remedy of early termination.**  *See US v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (cites omitted), and the Court has "considerable discretion" in determining whether he has carried that burden.  *See Emmett*, 749 F.3d at 24; *US v. Robins*, No. LA CR 08-01497-VBF, 2014 WL 11790802 (C.D. Cal. May 27, 2014) (citing *US v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006)).

**A federal district court need not hold an in-court hearing before ruling on a defendant's motion for early termination of supervised release.**  *See Robins*, Doc 81 at 4 (citing *Floyd*, 491 F. App'x at 333 (discussing FED. R. CRIM. P. 32.1(c)(2), which presumptively requires the court to hold a hearing "[b]efore *modifying the conditions* of probation or supervised release", not before ruling on early termination) (emphasis added)).

<u>ANALYSIS:  RILEY HAS NOT SHOWN EARLY TERMINATION IS IN THE INTEREST OF JUSTICE</u>

---

[3] "Subsections 3553(a)(2)(A) and 3553(a)(3) are listed in strikethrough font because they are the only sentencing factors in section 3553(a) which the statute does not <u>direct</u> the district court to consider when determining whether early termination of supervised release is warranted." *US v. Hamlin*, Nos. LA CR 10-00684-VBF and 10-00689-VBF, 2014 WL 11737321, *3 n.1 (C.D. Cal. Sept. 18, 2014) (citing 18 U.S.C. § 3583(e)(1)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**All record evidence reflects that defendant has complied with the terms of his supervised release. As a matter of law, though, compliance with those terms, while** "commendable . . . is not enough for the court to find that early termination of probation is warranted by defendant's conduct and is in the interest of justice as required by 18 U.S.C. § 3563(cc)." *US v. Cotter*, 2014 WL 1653106, *1 (W.D. Pa. Apr. 23, 2014); *see also US v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010) (section 3564(cc) does not provide for early termination solely based on compliance with terms, but rather "early termination . . . should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it"). As Judge Robert Jones said in a similar case,

> Defendant indicates no circumstances indicating his early rehabilitation such that the full term of supervision found to be appropriate by the sentencing judge should not be required. Defendant has only alleged compliance with the terms of supervised release, which terms require him, *inter alia*, not to use drugs, not to commit any crimes, and to maintain regular lawful employment and support his depend[e]nts. * * * The Court finds no reason to second-guess the sentencing judge's reasoned estimation that Defendant requires three years of compliance with the terms of release to ensure his rehabilitation.
>
> *The Court lauds Defendant for his compliance with the terms of his release thus far. But that much is expected of him. It is not a circumstance tending to prove that a lesser period of rehabilitation is required than that determined by the sentencing judge. The interests of justice are best served by ensuring Defendant complies with the terms of his release for the length of time the sentencing judge estimated was necessary to ensure his rehabilitation.*

*US v. McComb*, 2014 WL 4636034, *1 (D. Nev. Sept. 16, 2014) (paragraph break added, italics added).

**Rather, federal "[c]ourts have generally held that something more than compliance with the terms of probation is required to justify early termination [pursuant to 18 U.S.C. § 3583(e)(1)]",** *US v. Smith*, 2014 WL 68796, *1 (S.D. Miss. Jan. 8, 2014) (citations omitted); *see, e.g., US v. Hawatmeh*, No. LA CR 08-00385-VBF-3, 2014 WL 11970544, *2 (C.D. Cal. Sept. 19, 2014) (denying early termination of supervised release where mere compliance with supervision did not warrant such a measure); *US v. Robins*, No. LA CR 08-01497-VBF, 2014 WL 11790802 (C.D. Cal. May 27, 2014) (same). **"Early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior."** *Smith*, 2014 WL 68796 at *1 (S.D. Miss. Jan. 8, 2014) (citing, *inter alia*, *US v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). As our Circuit has stated,

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release . . . *in order to account for new or unforeseen*

> *circumstances.*
>
> Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). [n. 1 omitted] *See also United States v. Truss*, 4 F.3d 437, 439 (6th Cir. 1993) (noting that § 3583(e)(2) "recogniz[es] that 'the sentencing court must be able to respond to changes in the [defendant's] circumstances as well as new ideas and methods of rehabilitation'") (quoting Fed. R. Crim. P. 32.1(b) Advisory Committee Note).

*US v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (emphasis added, paragraph break added).

**The Court has also considered the Administrative Office of the United States Courts's <u>Guide to Judiciary Policy</u>, Volume 8, Part E, "Supervision of Federal Offenders" (Monograph 109) section 380.10 (2012) ("AO Probation Guide")**, retrieved from http://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-8-probation-and-pretrial–services/part-e-supervision-federal-offenders-monograph-109. The AO Probation Guide sets forth nine factors to consider on a motion for early termination of federal supervised release:

(1)   Stable community reintegration;
(2)   Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

(3)   No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

(4)   No history of violence . . .
(5)   No recent arrests or convictions . . . .

(6)   No recent evidence of alcohol or drug abuse;
(7)   No recent psychiatric episodes;

(8)   No identifiable risk to the safety of any identifiable victim; and
(9)   No identifiable risk to public safety based on the Risk Prediction Index.

Monograph 109 section 380.10(b)(1). "While the Policy conclusions of the Judicial Conference may not be binding on the lower courts, they are 'at the very least entitled to respectful consideration.'" *Hollingsworth v. Perry*, 558 U.S. 183, 130 S. Ct. 705, 711-12 (2010) (citation omitted), *followed by Perry v. City & County of San Francisco*, No. 10-16696, 2011 WL 2419868, *11 (9th Cir. Apr. 27, 2011) (not in F. App'x or F.3d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**"As the Supreme Court directs, this Court has given respectful consideration to the Judicial Conference recommendations and guidance regarding the early termination of supervised releas***e."* US v. Hawatmeh*, 2014 WL 11970544, *7 (C.D. Cal. Sept. 19, 2014) (citing, *inter alia*, *US v. Dudash*, 2012 WL 874878, *3 n.3 (W.D. Pa. Mar. 14, 2012)); *see also US v. Etheridge*, 999 F. Supp.2d 192, 193 (D.D.C. 2013) (considering these factors when entertaining motion for early termination) (cites omitted). Of course, if there is any irreconcilable inconsistency between the section 3553(a) sentencing factors and the Judicial Conference guidance, a federal court must follow the result dictated by the *statute*. In any event, on this record there is no tension between the statutory factors and the Judicial Conference's suggested factors: neither set of factors calls for early termination here.

**Having considered the sentencing factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B-D), (a)(4), (a)(5), (a)(6), and (a)(7) as well as the Probation Guide, the Court concludes that early termination of supervised release is *not* warranted.** First, Riley's compliance during more than two and a half years of supervised release is merely a bare minimum – necessary but not sufficient for early termination. As discussed below, Riley does not five any examples of his reintegration into the community, let alone evidence thereof, so Probation Guide Factors 1 and 2 carry limited weight in favor of early termination. The Court does find that Probation Guide Factor 3 favors early termination; it cannot be said that Riley had an aggravated role in the instant drug-distribution offense, because the Court did not add offense levels to reflect any such role. *See* Doc 151 at 3 (PSR Guideline Summary).

**The Court cannot agree that Riley has "no history" of unlawful violence, and counsel should not have made such a claim.** The Pre-Sentence Report (Doc 151 at 11 ¶¶ 55-56) states that on February 1, 1993, Riley pled nolo contendere to inflicting Corporal Injury Upon a Spouse, apparently in Inglewood, California Municipal Court ("IMC"). On Riley's behalf it could be argued that while that offense was deplorable, it was a misdemeanor and was committed in 1992. Moreover, Riley has no recent history of admitted or proven unlawful violence. Indeed, so far as the PSR and the sentencing memoranda disclose, Riley has never been convicted of any offense involving violence, intimidation, or illegal use of a weapon in the intervening quarter-century. *See* AO Probation Guide Factor 5 (court should consider whether early-termination movant has any "recent arrests or convictions").

**But Riley has been arrested many times over the decades on suspicion of felony offenses of violence, including Murder, Assault with a Firearm, and multiple instances of Assault with a Deadly Weapon.** *See* Doc 151 (PSR) at 12 ¶ 74 (assault charge dismissed on June 7, 1982); *id.* at 12 ¶ 76 (unknown disposition to January 20, 1986 charge of Fighting in Public); *id.* at 13 ¶ 80 (arrested on suspicion of Assault with a Deadly Weapon ("ADW") on September 10, 1980, released for lack of evidence on September 12, 1980); *id.* at 13 ¶ 81 (unknown disposition

after September 30, 1980 arrest on suspicion of Fighting in Public); *id.* at 13 ¶ 82 (unknown disposition after January 7, 1981 arrest on suspicion of ADW); *id.* at 13 ¶ 83 (unknown disposition after August 10, 1981 arrest on suspicion of murder); *id.* at 13 ¶ 86 (July 8, 1986 release after July 6, 1986 arrest for Assault with a Firearm); *id.* at 13 ¶ 87 (unknown disposition after February 14, 2006 arrest on suspicion of murder); *id.* at 13 ¶ 88 (unknown disposition after September 25, 2007 arrest on suspicion of ADW). *Cf. US v. Hernandez-Flores*, 2012 WL 119609, *6 (D.N.M. Jan. 3, 2012) (denying early termination of supervised release for 69-year-old supervisee even though expressly requested by the Probation Office where, *inter alia*, petitioner had been "convicted at least eighteen times and has been arrested, not convicted, two times since she was twenty-six years old").

      **"An arrest", of course, "is not a conviction**." *Brown v. Haymes*, 2015 WL 3451736, *2 (N.D. Ill. May 28, 2015) (noting that an arrest may not be admitted under Fed. R. Evid. 609, impeachment by evidence of a criminal conviction). The arrest "is not even a final formal charge of a crime. It is merely an order holding a person in custody until he answers a complaint." *US v. Cooperstein*, 221 F. Supp. 522, 526 (D. Mass. 1963); *see also Suboh v. District Attorney's Office of Suffolk District*, 298 F.3d 81, 96 (1st Cir. 2002) ("That there is probable cause that a crime has been committed is not a determination on the merits that a crime was committed . . . ."). No matter how many times one is arrested or even charged, one may in fact be innocent of the suspected criminal conduct in every instance. At the least, there may not be record evidence to establish, even by a preponderance of the evidence, that the person committed the uncharged or unconvicted offense. In short, the Court cannot assume that there was a valid basis even for an arrest, and "prior to a conviction, guilt or innocence remains unresolved." *Straker v. Jones*, 986 F. Supp.2d 345, 359 (S.D.N.Y. Dec. 10, 2013).

      **The Pre-Sentence Report's brief references to petitioner's various arrests do not tell the Court much at all about the nature of the conduct that led to the arrests, or the evidence that petitioner engaged in that conduct.** By analogy, it would not be permissible to hold mere arrests against a defendant for purposes of sentencing without the prosecution establishing by a preponderance of the evidence that the defendant committed the conduct for which he was arrested. Thus, because this record contains few to no details about the various arrests, Due Process may require this Court to give no weight at all to petitioner's unusual history of arrests, not simply less weight than it would give actual convictions. *Cf. Bender v. US Parole Comm'n*, 802 F.3d 690, 697 (5th Cir. 2015) ("Due process requires that sentencing facts be established by a preponderance of the evidence. Therefore, an adjudicator may not rely on a bare arrest record at sentencing. An arrest record is bare when it refers to the mere fact of an arrest – i.e., the date, charge, jurisdiction and disposition – without corresponding information about the

underlying facts and circumstances regarding the defendant's conduct that led to the arrest.") (internal citations & quotation marks omitted).   **Nonetheless, even if the Court accords *no* weight to petitioner's many arrests on suspicion of committing violent felonies,  AO Probation Guide Factor 4 does not weigh in favor of termination, and the old misdemeanor conviction for injuring a spouse may cause Factor 4 to weigh slightly against termination.**

The Court finds that Riley does not pose an identifiable risk to the safety of any identifiable victim, such as a spouse or ex-spouse, which means that **AO Probation Factor 8 does not weigh against early termination.** But on this record, the Court is reluctant to conclude that Riley poses no appreciable risk to public safety generally, which means that **AO Probation Factor 9 is at best neutral and does not favor early termination.**

**The Court will exercise its "considerable discretion",** *Emmett*, **749 F.3d at 24, to deny Riley's motion because it is insufficiently supported by specific allegations backed up by evidence, and it rests in part on the false premise that Riley has no history of violence.** Riley has not presented evidence to substantiate his  assertion that he has fully re-integrated into the community, *see* Doc 201.  Moreover, while there is no allegation that Riley has violated the terms of supervision, Riley has not even claimed any extraordinary positive conduct beyond mere compliance.  "A defendant's *exceptionally good* behavior may render a previously-imposed sentence inappropriate or too harsh", *Emmett*, 749 F.3d at 823 n.2 (citing *US v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)) (italics added). but "'compliance with release conditions, resumption of employment and engagement of family life are expected milestones rather than a change of circumstances rendering continuing supervision no longer appropriate.'" *US v. Sakhari*, 2014 WL 3845166, *2 (N.D. Cal. Aug. 4, 2014) (Hamilton, J.) (quoting *US v. Bauer*, 2012 WL 1259251, *2 (N.D. Cal. Apr. 13, 2012) (Davila, J.) and citing *US v. Grossi*, 2011 WL 704364 (N.D. Cal. Feb. 18, 2011) (Jensen, J.)).  *Accord US v. Taylor*, No. 17-3450, – F. App'x –, 2018 WL 3203037 (7th Cir. June 29, 2018).

**Nor has counsel presented evidence to corroborate his allegation that Riley has had major surgeries since his release, or his allegation that Riley suffers from kidney and gall bladder "issues"**, *see* Doc 201 at 4 ¶¶ 4-5.  *Accord Dudash*, 2012 WL 874878 (court had previously ordered defendant to submit medical records to substantiate allegations of poor and declining health in connection with request to terminate supervised release).

The allegation that Riley lives with his mother has no apparent bearing on the propriety of early termination.  Likewise, notwithstanding sorrow and sympathy for Riley's loss of his wife and his son, he presents no authority suggesting that their passing is relevant to the propriety of the Probation Office continuing to supervise Riley.

**Likewise, Riley presents no proof that he is disabled, much less any authority that a disability is**

**relevant to some statutory or Probation Guide sentencing factor that governs a request for early termination.** Riley does not allege, for example, that supervision has interfered with his ability to obtain needed medical care, and "[a] serious health condition does not necessitate early termination of supervised release unless the defendants can demonstrate that the conditions of supervision prevent their access to medical care." *US v. Dudash*, 2012 WL 874878, *4 (W.D. Pa. Mar. 14, 2012) (citing, *inter alia*, *US v. Abuhouran*, 398 F. App'x 712, 713 (3d Cir. 2010) (denying early termination where, *inter alia*, "Abuhouran has not presented any evidence that he has been unable to secure adequate medical care while on supervised release")); *see, e.g., US v. Antico*, 2008 WL 2973033 (E.D. Pa. Aug. 4, 2008) (denying early termination of supervised release to 68-year-old movant suffering from unspecified health problems where there was "no evidence that continued supervised release will have anything more than a minimal impact on his day-to-day life"), *recon. denied*, 2008 WL 4146189 (E.D. Pa. Sept. 8, 2009).

**The mere fact that the prosecution and Probation acquiesce in early termination is not sufficient.** It is Riley's burden to affirmatively show that early termination of supervised release is "in the interest of justice" for purposes of 18 U.S.C. § 3583(e), and he has not come close to satisfying that burden. Riley's counsel needed to produce actual evidence, and then explain how that evidence tends to satisfy particular sentencing factors set forth by 18 U.S.C. section 3553(a) and by the AO Probation Guide. The consent of Riley's adversary does not constitute evidence, and it does not constitute legal argument.

<u>ORDER</u>

Mr. Riley's "Ex Parte Request for an Order Terminating Supervised Release" **[Doc # 201] is DENIED.**
The federal supervision of Kenneth Bernard Riley in this case shall continue.
This Order shall not prevent Mr. Riley from filing a properly supported motion for early termination.[4]
IT IS SO ORDERED.

                                                                                                         _____ : _____

---

[4] *See Robins*, 2014 WL 11790802 at *4 (denying early termination of probation where movant had failed to comply with order to "file documentation from a licensed medical provider substantiating his allegations regarding his daughter's diagnosis, condition, and treatment needs", which he had cited as one reason for early termination).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Initials of Deputy
Clerk  _____